FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 20 2008

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:02CR112 |
| | § | |
| DOYLE WILLIAM VANHORN | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 12, 2008 to determine whether the Defendant violated his supervised release. The Defendant was represented by Denise Benson. The Government was represented by Heather Rattan.

On April 9, 2003, the Defendant was sentenced by the Honorable Leonard E. Davis, United States District Judge, to 27 months imprisonment, followed by a 3-year term of supervised release for the offense of Possession of a Firearm by a Convicted Felon. On May 29, 2006, Defendant was released from custody and ordered to commence service of a 3-year term of supervised release.

On May 8, 2008, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. 29). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (2) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (3) Defendant shall participate in a program of testing and treatment for drug

abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

The petition alleges that Defendant committed the following violations: (1) Defendant failed to report to the U.S. Probation Office as scheduled on November 6, 2007, November 13, 2007, January 4, 2008, and February 5, 2008; Defendant failed to submit a written monthly report within the first five days of the month for February, March, April, May, June, October, and December 2007, and February 2008; Defendant failed to submit a truthful written monthly report for May 2007, by failing to report being questioned by law enforcement when he received a speeding citation on May 26, 2007, by Irving Police Department; Defendant failed to submit a truthful written monthly report for October 2007, by failing to report he was arrested by Plano Police Department on October 24, 2007; and Defendant failed to submit a truthful monthly report for January 2008, by failing to report being questioned by law enforcement when he received a speeding citation on January 30, 2008, from Plano Police Department; (2) Defendant failed to report being questioned by law enforcement on May 26, 2007, when he was issued a speeding citation by Irving Police Department; Defendant failed to report being arrested on October 24, 2007, by Plano Police Department for a speeding citation which was issued by the Irving Police Department on May 26, 2007; Defendant failed to report being questioned by law enforcement on January 30, 2008, when he was issued a speeding citation by the Plano Police Department, and, as of April 28, 2008, Defendant had two active warrants for said speeding citations and for Failure to Appear on February 14, 2008; and (3) on January 14, February 13, 21 and 28, and March 20, 24 and 28, 2008, Defendant failed to report for drug testing at the Alterman Group, Plano, Texas, as directed.

Prior to the Government putting on its case, the Defendant entered a plea of true to the alleged violations and waived his right to allocution before a district judge. At the hearing, the Court recommended that Defendant's supervised release be revoked based on those violations.

### RECOMMENDATION

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no supervised release to follow.

**SIGNED** this _____ day of _____, 2008.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE